*202 OPINION of the Court, by
Judge Clark.
This was an action o.f ejectment, brought by the heirs of Bart-let Searcy against Dennis Reardon for 149 acres of land in the county of Woodford. On the trial of the cause, the jury found a special verdict. From which it appears that the land in question was patented to Bart-let Searcy on the lath of July 1785 ; that in the 1 eat 1790 said Searcy died, leaving the appellees his heirs at law; that at the June term of the Woodford court of quarter sessions 1793, a judgment was obtained in the name of the appellant against the heirs and executors of the said Bartlet Searcy, decM. for seventy-five pounds, with costs ¡ that on the 3d day of July 1793 an execution of fieri facias issued on said judgment; that by virtue of said execution, Lewis Craig, a deputy sheriff for Woodford county, on the 19th day of September 1793, sold the land in controversy to the appellant, and as sheriff executed to him a deed of conveyance for the same.
The inferior court gave judgment for the appellees from which Reardon appealed.
How far the proceedings in the cause under which the land in contest was sold, were correct, will be unnecessary to determine ; for by the execution the sheriff had authority to sell, and if the property sold be by law liable to execution, the right of the purchaser cannot be shaken, however erroneous the judgment might have been ; for sf the sale could be afterwards avoided, few would be willing to purchase under executions, and property sold in that way would be frequently sacrificed, greatly to the prejudice of both debtor and creditor.; so that the decision of one question will determine this controversy ; that is, whether land could be sold unde» execution upon a judgment obtained on a contract made before the 17th day ofDecember 1792. Before the pas- *203 aage of the act subjecting lands to the payment of debts, which took place at that period, lands were protected irom sales under executions* Fhe first section of this act declares, that lands, tenements, and hereditaments, shall and may by virtue of writs of fieri facias, be ta* ken and sold in satisfaction of all judgments, in the manner therein described. So much of the provisions of this act as subjected lands to execution for judgments obtained on contracts made before its passage, was repealed, by an act that passed the 21st December 1793. The sale of the land in contest having been made before the passage of the latter act, cannot be subject to any of its provisions, and must be determined under that of 1792. The terms of this act are general, and embrace executions upon all judgments obtained on contracts made either before or after the passage of the Saw. The legislature intended to make that species of property a fund for the payment of debts under execution, without relation to the time when such debt was contracted, in argument it was contended for the appellees that the act of ’92, so far as it subjected lands to the payment of debts contracted before its passage, was unconstitutional arid ought not to be enforced, it is certainly a well settled rule that the law at the time a contract is made composes a part of it, so far as relates to the nature and construction ofsuch contract ; but it is equally well settled that the remedy to enforce such contract roast be according to the law in force at the time such remedy is sought.
The subjecting of property to execution, which was not so at the time the contract was made, dees not in the slightest degree impair the contract; it only extends and enlarges the remedy. Contracts are not made with an eye to the laws that shall enforce them, or to what, property shall or shall not be liable to execution, but with an expectation of each partyfo performing with good faith what he has stipulated to do. The deed which is made a part of the special verdict, contains every material requisite required by lawit is indented, sealed and recorded, it recites the execution, purchase, ar.d consideration ; these are all the law requires,to transa ler the interest of the debtor.
It is therefore considered by the court that the judgment of the circuit court be reversed, that the causa *204 be remanded to the said court with directions to cv.u-up judgment in favor of the appellant, Sic.